IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS TOWLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-01940 |
| ELECTRICAL RELIABILITY : | |
| SERVICES, INC., : | |
| : | |
| Defendant. : | |
| : | |
| : | |

## **ORDER**

This case comes before the Court on Defendant's Partial Motion to Dismiss, or in the Alternative, for More Definite Statement [4]. After reviewing the record, the Court enters the following Order.

## **Background**[1]

This case arises out of Plaintiff U.S. Army Sergeant First Class Travis Towler's termination by his former employer, Defendant Electrical Reliability Services, Inc. Plaintiff alleges that Defendant improperly discriminated against

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

AO 72A
(Rev.8/82)

him based on his military service in violation of 38 U.S.C. § 4311.  (Compl., Dkt. [1] ¶¶ 26–29.)

Plaintiff has been an active member of the U.S. Army and National Guard for the past fifteen years.  (Id. ¶ 9.)  He serves as a medic attached to the HHC 2-121 IN.  (Id.)  In February 2008, Plaintiff began working for Defendant as a Shop Technician.[2]  (Id. ¶¶ 6, 10.)  Plaintiff alleges he was the lowest paid technician at the Defendant's Atlanta facility, even though he had more experience than some of his higher earning co-workers.  (Id. ¶ 12.)  From 2009 to April 2010, Plaintiff left his position as Shop Technician to serve in Afghanistan.  (Id. ¶ 11.)  Upon his return from Afghanistan, Plaintiff was not granted promotions or pay raises that were granted to similarly situated employees and that were due to him during his service abroad.  (Id.)  In a formal evaluation dated August 2012, Defendant wrote that Plaintiff's military service was "holding him back."  (Id. ¶ 12.)

---

[2] The Court notes that the Plaintiff is inconsistent as to the start date of his employment with the Defendant. (See Compl., Dkt. [1] ¶ 1 (2007); c.f. id. ¶¶ 6, 10 (February 2008).) However, the inconsistency is not material to the instant motion.

Early in January 2014, Plaintiff notified Ken Evans, Sr. Engineer and his onsite Atlanta supervisor, that he would take unpaid leave on Thursday, January 9, 2014 and Friday, January 10, 2014 to attend a three day drilling unit training exercise for the Georgia National Guard. (Id. ¶ 14.) Mr. Evans granted Plaintiff time off to attend the training. (Id.)

During the first day of training on January 10, 2014, Plaintiff learned that he would be deployed to a U.S. Army training mission in Guatemala "from until April 6, 2014."[3] (Id. ¶ 17.) On Sunday, January 12, 2014, Plaintiff informed his formal supervisor, Gustavo Gonzales, of his upcoming U.S. Army deployment via email.[4] (Id. ¶ 18.)

The next day Defendant terminated Plaintiff's employment, alleging that Plaintiff violated company policy by being absent for three or more scheduled work days without reporting an acceptable explanation for the absence to his or her supervisor. (Id. ¶ 19.) Defendant considered Thursday, January 9, 2014,

---

[3] The commencement date of Plaintiff's deployment is left blank in the Complaint.

[4] Although the Complaint alleges that Plaintiff informed his supervisor of his upcoming deployment, the Complaint fails to allege that Plaintiff informed his supervisor of the commencement date of his deployment.

3

Friday, January 10, 2014, and Monday, January 13, 2014, as unapproved absent days.  (Id. ¶ 20.)

Plaintiff contends that he was illegally terminated because he informed his supervisors of his leave and because his military absence is protected by law.  (Id. ¶ 19.)  Plaintiff further alleges that his termination and Defendant's refusal to provide Plaintiff with promotions, raises, and bonuses during the course of his employment  was based upon his absences due to military deployment all in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA," 38 U.S.C. §§ 4301 *et seq.*).  (Id. ¶¶ 28–29.)

Moreover, Plaintiff asserts that Defendant's actions are in contradiction to the Defendant's Employee Handbook, which requires the company to pay the difference between the individual's base pay and military compensation up to ten working days per year for temporary military leave and a maximum of six months per year for active duty.  (Id. ¶ 23–24.)  Plaintiff alleges Defendant failed to pay Plaintiff the promised difference between his base pay and military compensation from April 2010 to January 2014.  (Id. ¶ 25.)

4

Based on the foregoing allegations, Plaintiff brings claims for violation of 38 U.S.C. § 4311 and seeks reasonable attorneys' fees, costs, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4313(h)(2).

Defendant moves for a Partial Motion to Dismiss, or in the Alternative, for More Definite Statement. ("Def.'s Mot. to Dismiss", Dkt. [4].) The Court first considers Defendant's Motion to Dismiss, then turns to its alternative Motion for a More Definite Statement.

## Discussion

### I. Motion to Dismiss

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

5

In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

**B. Analysis**

*1. Termination in Violation of USERRA*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss Plaintiff's claim that he was terminated in violation of USERRA, 38

6

U.S.C. § 4311. Count One of Plaintiff's Complaint asserts that Plaintiff's protected status was a substantial motivating factor in his termination. (Compl., Dkt. [1] ¶ 28.) Defendant moves to dismiss on the basis that Plaintiff fails to state a claim under USERRA because Plaintiff's termination took place while he was on military leave and Plaintiff does not allege that he sought reemployment with Defendant. (Def.'s Memo., Dkt. [4-1] at 1.)

Defendant's argument, however, is misplaced. Defendant cites repeatedly to 38 U.S.C. § 4312, which requires a Plaintiff to seek reemployment with the Defendant before asserting a claim under USERRA. (Id. at 1, 5-7.) Plaintiff's Complaint, however, does not assert a reemployment claim. Instead, his discharge claim is premised solely upon unlawful discrimination under 38 U.S.C. § 4311(a). (Compl., Dkt. [4-1] ¶ 25-26.) See Dees v. Hyundai Motor Mfg. Alabama, LLC., 605 F. Supp. 2d 1220 (M.D. Ala. 2010), aff'd 368 F. App'x 49 (11th Cir. 2010) (a member of the Alabama Army National Guard brought an action against his employer asserting termination and harassment under § 4311(a)); c.f. Breletic v. CACI, Inc., 413 F. Supp. 2d 1329 (N.D. Ga. 2006) (plaintiff alleged employer violated § 4312 by refusing reemployment following his release from active military duty).

7

Defendant relies on Dorris v. TXD Services, LP to argue that the Court should focus on Defendant's reemployment obligations rather than the circumstances surrounding Plaintiff's termination. Dorris v. TXD Services, LP, 2014 WL 747476, at *3 (8th Cir. Feb. 27, 2014) (plaintiff alleging discriminatory termination in violation of USERRA). Particularly, Defendant cites to the Dorris court's assertion that "[A] departing service person is to be placed on a statutorily-mandated military leave of absence while away from work. . . . Thus, terminating a departing serviceperson, or forcing him to resign . . . is of no effect." Id. (quoting H.R. Rep. 103-65(1) at 33 (1993)). Relying on this proposition, Defendant states that the Dorris court focused "appropriately" on the employer's reemployment compliance responsibilities and obligations, instead of the Plaintiff's termination status. (Compl., Dkt. [4-1] ¶ 8.) Defendant then argues that Plaintiff's complaint should be dismissed because he never applied for reemployment.

The Court finds that Plaintiff's decision not to apply for reemployment does not warrant dismissal of his complaint. Here, Plaintiff alleges a violation of 38 U.S.C. § 4311(a), not § 4312. The law in this circuit clearly delineates the rights and protections afforded under USERRA to members of the uniformed

8

services, including reemployment rights and prohibitions from discrimination by employers.  These rights are "separate and distinct" under the Act.  Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1234 (11th Cir. 2005) (citing Wrigglesworth v. Brumbaugh, 121 F. Supp. 2d 1126, 1134 (W.D. Mich. 2000) ("Sections 4311 and 4312 of the USERRA provide separate and distinct statutory protections for service members."); see also Fannin v. United Space Alliance, LLC., 2009 WL 139878, at *4 (M.D. Fla. Jan. 20, 2009), aff'd in part, 392 F. App'x 788 (11th Cir. 2010) (distinguishing between USERRA's reemployment and discrimination prohibitions by first describing the reemployment provisions under 38 U.S.C. §§ 4312, 4313, then explaining that "a different section of USERRA," 38 U.S.C. § 4311, provides prohibitions against employer discrimination).  Therefore, because Plaintiff's claims rest on the discrimination provisions, those claims cannot be dismissed on the basis that Plaintiff failed to comply with the reemployment provisions.  The Court now turns to Defendant's arguments addressing discrimination.

### B.     Plaintiff's Protected Status

Next, Defendant asserts that Plaintiff's claims should be dismissed because he was not included in the protected class of individuals under

USERRA, given Plaintiff's failure to provide proper notice of the first date of his deployment.  (Def.'s Memo., Dkt. [4-1] at 8-9.)

Defendant correctly points out that Plaintiff's Complaint leaves blank the start date of his deployment to Guatemala, stating that "[w]hile continuing his National Guard Drill, SFC Towler learned on Friday, January 10, that he would be deployed to a U.S. Army training mission in Guatemala from until April 6, 2014."  (Compl, Dkt. [1] ¶ 17.)  Plaintiff's Complaint also fails to allege that Plaintiff informed his supervisor of the start date of his deployment.  As a result, Defendant contends that Plaintiff has not alleged that as of Monday, January 13, 2014, he continued to have USERRA protection.  (Def.'s Memo., Dkt. [4-1] at 8–9.)

But Defendant's arguments again improperly rest on USERRA's reemployment provisions.  Defendant claims that USERRA protection is only triggered when the employee provides the start date of military deployment on his or her advance written or verbal notice.  (Id. at 8-9 (citing Hays, 753 F. Supp. 2d at 897).)  This "advance written or verbal notice," however, is a prerequisite for a person claiming *reemployment* rights under USERRA.  See 38 U.S.C. § 4312 ("[A]ny person whose absence from a position of employment is

10

necessitated by reason of service in the uniformed services shall be entitled to the *reemployment rights* and benefits and other employment benefits of this chapter if—the person (or an appropriate officer of the uniformed service in which such service is performed) has given advance written or verbal notice of such service to such person's employer.") (emphasis added); see also Hays, 753 F. Supp. 2d at 896.

Plaintiff did not plead a reemployment claim under USERRA. Instead, Plaintiff alleges his protected status stems from U.S.C. § 4311(a), which protects "a person who is a member of . . . [or] has performed . . . service in a uniformed service" from discrimination. 38 U.S.C. § 4311(a). Under the statute, "uniformed service" is defined as "the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard Duty." 38 U.S.C. § 4303(16). Plaintiff has alleged that he "performed" service in a uniformed service in 2001, 2005-2006, and 2009-2010 and was a member of the uniformed service when he attended the weekend training drill giving rise to his claim. As a result, notwithstanding Plaintiff's actual deployment date,

11

Plaintiff's complaint cannot be dismissed on grounds that he is not a member of the class of individuals protected by USERRA.

USERRA was enacted to "prohibit employment discrimination on the basis of military service." Fannin, 2009 WL 139878, at *4 (quoting Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1234 (11th Cir. 2005)).  As a result, in order "to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." Fannin, 2009 WL 139878, at *4 (quoting Hill v. Michelin N. Am., Inc., 252 F.3d 307, 312-13 (4th Cir. 2001)).  Because the Court is required to both broadly construe the statute and favorably construe the facts, dismissal is not proper.  Accordingly, Defendant's Partial Motion to Dismiss is **DENIED.**

### II. Defendant's Motion for a More Definite Statement

#### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  Pursuant to Rule 8(a), a plaintiff's complaint should include "a short and plain statement of the claim showing that

12

the pleader is entitled to relief." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Additionally, a plaintiff should include a "brief factual description" of the circumstances that surround the acts upon which the plaintiff bases a claim for relief. Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing Williams v. Lear Operations Corp., 73 F. Supp. 2d 1377, 1381 (N.D. Ga. 1999)).

### B.   Analysis

Due to the imprecise nature of the Plaintiff's Complaint, Defendant requests that the Court compel a more definite statement as to (1) the start date of Plaintiff's deployment to Guatemala and (2) Plaintiff's application for reemployment with Defendant. The Court considers each request in turn.

*1.   Start Date of Plaintiff's Deployment*

Plaintiff's Complaint leaves blank the start date of his deployment to Guatemala, stating that he would be deployed in Guatemala "from until April 6, 2014." (Compl., Dkt. [1] ¶ 17.) Beyond this imprecise and incomplete statement, the Complaint contains no other factual allegations regarding the start date of Plaintiff's deployment.

13

Count One of the Complaint alleges that Plaintiff's protected status was a substantial motivating factor in Defendant's termination of Plaintiff and refusal to provide Plaintiff with promotions, raises, and bonuses during the course of his employment. (Id. at ¶¶ 28-29.) Plaintiff asserts that as a result of Defendant's violations, Plaintiff will suffer lost wages and benefits of employment from April 2010 through the date of trial with prejudgment interest. (Id. at ¶ 31.)

Plaintiff also cites to Defendant's Employee Handbook, which requires the Company to pay the difference between the individual's base pay and their military compensation up to ten company working days per year for temporary military leave and a maximum of six months per year for active duty. (Id. at ¶ 23-24.) Accordingly, in order to comprehend the scope of Plaintiff's allegations and properly defend against Plaintiff's claims, Defendant is entitled to know the precise dates of Plaintiff's deployment abroad. Without such facts, Defendant is left without adequate notice of the factual basis underlying the claims that Defendant must defend against. See Alford v. Cordele Foods, Inc., 2005 WL 2431903, at *1 (M.D. Ga. Oct. 3, 2005) (holding that when a Defendant is without fair notice of the legal grounds for a suit there is a "risk of

14

unnecessary discovery and future pleadings and a resulting waste of both litigants' and the Court's resources.").

Furthermore, central to the issue of whether Plaintiff was terminated based on unlawful discrimination or for another reason is the question of whether Plaintiff was in fact on military leave during the time of his termination or simply failed to return to work after a period of military absence. Therefore, Defendant's motion for a more definite statement as to the date of Plaintiff's deployment is **GRANTED**.

> 2. *Date of Plaintiff's Application for Reemployment with Defendant*

Defendant also requests a more definite statement as to Plaintiff's application for reemployment with Defendant. Particularly, Defendant notes that "there is no allegation that Plaintiff has sought reemployment with Defendant." (Def.'s Memo., Dkt. [4-1] at 1.) Defendant's request, however, is premised on a reemployment claim under 38 U.S.C. § 4312, a claim that Plaintiff did not and does not assert in his Complaint.

A more definite statement is appropriate when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P.

15

12(e).  Considering Plaintiff's Complaint does not assert a reemployment claim under USERRA, facts surrounding Plaintiff's application for reemployment or, in the alternative, failure to apply for reemployment are immaterial.  S.C. Johnson & Son, Inc. V. Para Indus., Inc., 1971 WL 16650, at *1 (N.D. Ga. Aug. 19, 1971) ("As this Court has held, motions for a more definite statement are not favored, and if it appears that defendants have been sufficiently informed of the charges against them by the complaint, a motion for more definite statement will be denied.") (citing United States v. Georgia Power Co., 301 F. Supp. 538 (N.D. Ga. 1969)).  Therefore, Defendant's motion for a more definite statement as to the Plaintiff's application for reemployment is **DENIED**.

## Conclusion

In accordance with the foregoing, the Defendant Electrical Liability Services, Inc.'s Partial Motion to Dismiss [4] is **DENIED** and Defendant's Motion for More Defendant Statement [4] is **GRANTED** in part and **DENIED** in part.  Plaintiff is **DIRECTED** to amend his Complaint within fifteen (15) days of the entry of this Order, providing a more definite statement as to the start date of his deployment.

**SO ORDERED**, this   12th   day of February, 2015.


_____
**RICHARD W. STORY**
United States District Judge

17